# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>LORE M. DICKEY,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No.: 3:21-bk-06185-DPC |

## STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** Confirming the Debtor's Plan ("Plan"), as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-60 | $700.00 |

The payments are due on or before the 9th day of each month commencing September 9, 2021. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan is deemed completed.

The Debtor shall provide to the Trustee copies of his **federal** and **state** income tax returns for post-petition years 2021 - 2025 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

(2) <u>Other Property</u>. Debtor will contribute a lump sum of $10,000 no later than month 48 to account for non-exempt assets (source of funding will be sale of non-exempt assets and/or family contributions).

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses</u>: <u>Attorney Fees</u>. Kahn & Ahart, PLLC, shall be allowed total compensation of $TBD. Counsel received $2,000 prior to filing this case (<u>including</u> $313 for the Chapter 13 filing fee). The Firm will file a Fee Application and will be paid by the Chapter 13 only after entry of an Order approving fees and costs.

(2) <u>Claims Secured by Real Property</u>: N/A

(3) <u>Claims Secured by Personal Property</u>: Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto, secured by a lien on a 2020 Nissan Kicks, shall be paid a secured claim of $26,067.62, with 5.25% interest. The creditor will receive adequate protection payments of $250 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims</u>: N/A

(5) <u>Surrendered Property</u>. N/A

(6) <u>Other Provisions</u>:
(a) Pursuant to 11 U.S.C. §521(f)(4), for every tax year during the pendency of the Plan, Debtor shall prepare and file with the Court (with copies provided to the Trustee) Amended Schedules I and J reflecting Debtor's income and expenditures. If Debtor is receiving paystubs as of the date the amended Schedules are required, Debtor must also provide the Trustee with copies of the two most recent, consecutive pay stubs with the amended Schedules. The amended Schedules **<u>shall be filed no later than 45 days before the anniversary of confirmation</u>**. Debtor will also comply with all other provisions of 11 U.S.C. § 521(f)(4) and (g).

(b) Debtor shall ensure that the value (as of the effective date of the plan) of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim

if the estate of the debtor were liquidated under chapter 7 of this title on such date.

(7) <u>Unsecured Nonpriority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

---

## ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

_/s/ Edward J. Maney_
Edward J. Maney, Trustee

                      KAHN & AHART, PLLC
                      BANKRUPTCY LEGAL CENTER™

                      /s/ Krystal M. Ahart, SBN029358
                      Krystal M. Ahart
                      Attorney for Debtor

     The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_lore m. dickey_

lore m. dickey